L. J. E. Vázquez Prada, demandante y apelante, *v.* José Antonio Rocco y Cesarino, demandado y apelado.

No. 6185.—*Sometido:* Marzo 16, 1934. *Resuelto:* Junio 22, 1934.

*L. J. E. Vázquez Prada,* por su propio derecho; *Monserrat & Monserrat,* abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En agosto 15, 1910, Luisa López Laborde, a nombre propio y en representación de sus hijos menores, previa autorización judicial, constituyó hipoteca a favor de Antonio Rocco Cesarino sobre una casa que se describe en la demanda, para garantizar la suma de $2,000 que tomó a préstamo al referido Sr. Rocco, comprometiéndose a pagarlos en 15 de agosto de 1913. La Sra. López Laborde, viuda del Dr. Arturo Vázquez Prada, falleció en 26 de julio de 1918. Según se alega en la demanda, los hijos y herederos del Sr. Vázquez Prada y la Sra. López Laborde, han cedido todos sus derechos y acciones que puedan corresponderles en la herencia de sus finados padres al demandante Leopoldo José Eulogio Vázquez Prada y López.

Se alega en la demanda que al tiempo de constituirse la hipoteca los deudores no renunciaron el derecho de hogar seguro; que el Sr. Rocco es dueño de la totalidad de la finca mencionada y que este señor, en 15 de mayo de 1921, convino con el demandante Leopoldo José Eulogio Vázquez Prada y López en pagarle el hogar seguro que tiene éste en la referida casa en cuanto a las participaciones de Francisca Luisa López Laborde, ascendentes a $333.33, obligándose también a pagar la cantidad de $167.67 como intereses de los $333.33 del hogar seguro; que el demandado se obligó a pagar al demandante la cantidad de $500 el día 10 de febrero de 1930 como pago del hogar seguro sobre la referida finca; que el demandante ha adquirido un derecho de hogar seguro por herencia de su madre Francisca Luisa López Laborde y por

cesiones que le hicieron sus hermanos, y también adquirió dicho derecho de hogar seguro mediante convenio, según consta del contrato titulado "Contrato Extrajudicial sobre el Pago de *Homestead.*"

Niega el demandado que haya convenido en pagar al demandante cantidad alguna y que haya firmado ningún documento o contrato en relación con el pretendido derecho de hogar seguro en la finca que se describe en la demanda, y alega que si existe algún documento con la firma del demandado ese documento es falso.

Las alegaciones de la demanda engendran cierta confusión por el desaliño y descuido con que aparecen redactadas; pero de las palabras del demandante se deduce claramente que basa su reclamación en un derecho de hogar seguro adquirido por herencia y además en un contrato celebrado con el demandado José Antonio Rocco y Cesarino.

En el primer error atribuído a la corte inferior se alega que dicho tribunal pone en labios del demandante manifestaciones que éste no hizo. En la relación de hechos autorizada por la corte se dice que el demandante declaró que en octubre 1, 1910, o sea mes y medio después de constituirse la hipoteca, el demandado Rocco fué a la casa de doña Luisa López Laborde a cobrar los intereses pendientes de pago y en aquella ocasión Rocco dijo a doña Luisa que en la escritura de hipoteca ella no había renunciado a su derecho de *homestead* y que él quería hacer un documento para pagárselo.

Hemos examinado cuidadosamente los autos y nada existe en ellos indicativo de que el demandante haya hecho estas manifestaciones, que la corte inferior comenta en la siguiente forma:

"Esto; según el propio demandante, tuvo lugar en octubre 1 de 1910, mes y medio después de constituirse la hipoteca, sin que la misma hubiese sido ejecutada y sin que el demandado Rocco tuviese motivos para creer que la finca habría de pertenecerle, ya que los deudores podrían conseguir el importe del préstamo y devolverlo

al acreedor en o antes del vencimiento y aun en caso de ejecución podrían presentarse licitadores que cubriesen con exceso la deuda. No obstante haberse ofrecido por el Sr. Rocco el documento en 1910, en el acto del juicio se presentó como prueba una pretendida copia en carbón de dicho documento, fechado en 15 de mayo de 1921, once años más tarde, obligándose a pagar al demandante, Vázquez Prada, los $500.00, en diez de febrero de 1930, o sea cerca de nueve años después de la fecha del documento, y diez y nueve años después de la supuesta conversación de octubre 1 de 1910. El documento que se presenta no aparece firmado por nadie y se presentó evidencia oral para demostrar que el documento original se destruyó en un incendio que hubo en la casa del demandante. El demandado, desde luego, negó enfáticamente la alegada conversación de 1910 y negó también haber suscrito jamás documento alguno obligándose al pago de dicha suma.

"'Como podrá verse por los hechos expuestos, este caso es tan fantástico como el más inverosímil de los cuentos de Las Mil y Una Noches.

"'¿Cómo es posible que el Sr. Rocco se obligase a pagar cantidad alguna por concepto de *homestead,* si en octubre 1 de 1910 la finca pertenecía todavía a los deudores hipotecarios y ni siquiera tenía motivos para creer que la finca se le adjudicase, como antes hemos expresado?''

En la exposición del caso, preparada por el propio demandante y aprobada por la corte, no aparece ni un leve átomo de prueba sobre las manifestaciones que se atribuyen al demandante. Tampoco existe testimonio alguno del demandado negando la alegada conversación de 1910. El Sr. Rocco no aparece declarando como testigo. No se concibe que una corte declare probado un hecho que no ha sido objeto de prueba y lo tome como base para dictar su sentencia. Las manifestaciones de la corte inferior son tan deliberadas y sus comentarios sobre la prueba tan claros y precisos, que no acertamos a explicarnos sus conclusiones de hecho sin pensar que haya podido ocurrir alguna irregularidad en la preparación de la exposición del caso.

No obstante, a pesar de la equivocación en que a juzgar

por los autos ha incurrido la corte inferior, entendemos que éste es un caso que por su naturaleza debe ser definitivamente resuelto por este tribunal.

El demandante dice que ha adquirido por herencia de su madre el derecho de hogar seguro. Este derecho aparece reclamado por primera vez al interponerse la demanda, cuando todos los hijos de la Sra. López Laborde han alcanzado la mayoridad, y después de haber vendido los herederos las participaciones que tenían en la casa.

De acuerdo con el artículo 2 de la ley sobre *Homestead,* la exención continuará, cuando han muerto los padres, "a beneficio de sus hijos, hasta que el menor de éstos haya llegado a la edad de veintiún años."

Es un hecho admitido que la Sra. Luisa López Laborde falleció en 26 de junio de 1918. Se ha demostrado que en 19 de mayo de 1920 los menores Estela Catalina, Luz y Jaime José Vázquez Prada otorgaron una escritura de venta de sus participaciones en la casa a favor del demandado, donde hacen constar que en esa fecha tenían respectivamente 19, 17 y 16 años de edad. La demanda enmendada que obra en autos aparece radicada en 10 de agosto de 1931. El demandado en su alegato dice, refiriéndose sin duda a la demanda original, que se radicó en 9 de abril de 1930. Es evidente que los menores mencionados habían llegado a su mayor edad algunos años antes de haberse hecho reclamación alguna acerca del *homestead.*

La corte inferior ha sido muy benévola al calificar este caso de fantástico e inverosímil. Como hemos visto, el demandante no descansa únicamente en los derechos que dice haber adquirido por herencia, sino también en un documento titulado "Contrato Extrajudicial sobre el pago de *Homestead*". En vista de esta alegación el demandado requirió al demandante, por conducto de la corte, para que le permitiera hacer una inspección de dicho documento, autorizándole a obtener una copia del mismo. A este requerimiento con-

testó el demandante que el referido documento había sido destruído por un incendio ocurrido en su casa el día 20 de mayo de 1921. Afirma el Sr. Vázquez Prada que el demandado obtuvo una copia en carbón del referido contrato y que el original lo guardó el referido Sr. Vázquez Prada en la casa que, como ya se ha dicho, fué destruída por un incendio. Termina el demandante diciendo que está practicando "las gestiones necesarias para ver si puede conseguir una copia fiel del contrato extrajudicial sobre el pago de *homestead,* y que si la consigue la presentará en el acto del juicio como evidencia."

Vamos a permitirnos transcribir la copia de este curioso contrato que más tarde se ofreció como prueba, porque su propia redacción puede darnos una idea acerca de su pretendida autenticidad:

"Contrato Extrajudicial sobre el Pago de 'Homestead'.

"De una Parte, Don Antonio Rocco y Cesarino, vecino de la Ciudad de San Juan, P. R., y de otra, el Sr. L. J. E. Vázquez Prada, vecino de Santurce, P. R.; CONVIENEN el siguiente contrato extrajudicial, dentro de estas cláusulas: 1ª. Que Don José Antonio Rocco y Cesarino se compromete a pagar al Sr. L. J. E. Vázquez Prada el 'Hogar Seguro' (*Homestead*) que tiene la casa de la calle del Sol No. 52 de la Ciudad de San Juan, P. R., que según escritura de hipoteca número 42, otorgada en San Juan, el día 15 de agosto de 1910, ante el Notario Eugenio Benítez Castaño; el Sr. José Antonio Rocco se compromete a pagar el 'Homestead' en cuanto a la participación que tiene y le corresponde a doña Francisca Luisa López Laborde Viuda del Dr. Don Arturo Vázquez Prada, o sea la mitad más la tercera parte, o sea la cantidad de trescientos treinta y tres dollars con treinta y tres centavos.—2ª. Que por la espera de ocho años, un mes diez días el Sr. José Antonio Rocco se compromete también a pagar al Sr. L. J. E. Vázquez Prada la cantidad de ciento sesenta y siete dollars, con sesenta y siete centavos ($167.67), como intereses de los $333.33 de 'Homestead'.—3ª. Que entre el capital y los intereses hacen un total de quinientos dollars ($500.00) que se obliga el Sr. Rocco a pagar a dicho joven L. J. E. Vázquez Prada el día 10 de febrero de 1930.—Conforme los Señores José Antonio Rocco y Cesarino y el Sr. L. J. E. Vázquez

Prada, con cuanto queda consignado en este contrato, firman por duplicado el presente hoy 15 de mayo de 1921, en Santurce, P. R.

José Antonio Rocco y Cesarino.

L. J. E. Vázquez Prada.

Testigo.

Testigo.''

Esta supuesta copia se ofreció en evidencia sin que el demandante explicara cómo llegó a su poder. En el documento se dice que se firma por duplicado y el demandante ha manifestado que el Sr. Rocco se llevó una copia en carbón. El original lo guardó el Sr. Vázquez Prada en su residencia. El demandante no ha demostrado la existencia de ninguna otra copia ni nos dice dónde y en poder de quién se encontraba guardada la que ofreció como prueba, ni explica cómo vino a sus manos. Si estaba en posesión del original, ¿qué razones tuvo para hacerse de una copia? Y si en realidad existía esta copia, ¿por qué la guardó fuera de la casa en que vivía, que fué destruída por un incendio? Lo natural es que si se quemó el original se quemasen también las copias. El demandante, a juzgar por sus propias manifestaciones, ignoraba la existencia de esta copia, puesto que al ser requerido para producir el original respondió que había sido destruído por un incendio y que estaba practicando gestiones para conseguir una copia del mismo. Si el propio demandante conservaba en su poder el original y fué la parte que se entendió directamente con el Sr. Rocco, ¿por qué tuvo que practicar gestiones para conseguir una copia del documento, que, en caso de existir, debía encontrarse en su poder?

Luisa Vázquez Prada, hermana del demandante, declara que Rocco llegó a su casa con un papel para que su hermano examinara un contrato de hogar seguro, que la llamaron a firmar como testigo y que así lo hizo en unión de un señor llamado John Conder. Cuando se le pregunta por qué se

hizo ese documento contesta que el Sr. Rocco quedó de pagarle a su mamá. Es raro que el Sr. Rocco, allá por el año de 1921, cuando todavía no estábamos familiarizados con la ley de hogar seguro, hasta entonces prácticamente ignorada, se personara en la casa del demandante Sr. Vázquez Prada con un papel en la mano, donde se obligaba a pagar al demandante una cantidad por un derecho de hogar seguro que no había sido reclamado. La existencia del referido contrato no ha sido satisfactoriamente probada.

La corte inferior no creyó a los testigos Luisa Vázquez Prada y John Conder. La verdad es que la prueba del demandante no merece crédito alguno y que el fallo de la corte inferior está plenamente justificado.

*Debe confirmarse la sentencia apelada.*